McGuireWoods LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Noreen A. Kelly-Dynega
Direct: 212.548.7025

nkelly-dynega@mcguirewoods.com
Fax: 212.715.6290

**MCGUIREWOODS**

**MEMO ENDORSED**

MEMO ENDORSED

July 14, 2015

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: _7/15/2015_

<u>Via ECF</u>

Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: **Law Offices of Oliver Zhou v. PNC Bank, N.A. and Citibank, N.A.**
    **Case No. 15-cv-05266 (ER)**

Dear Judge Ramos:

We represent defendant PNC Bank, N.A. ("PNC") in the above-referenced action. Pursuant to Your Honor's Individual Practices, PNC respectfully seeks a pre-motion conference in connection with PNC's proposed motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Based on Section 2(A)(ii) of Your Honor's Individual Practices, PNC understands that this letter serves to stay its deadline to respond to the Complaint.

On June 10, 2015, Plaintiff, the Law Offices of Oliver Zhou, filed a summons and verified complaint (the "Complaint") against PNC and defendant Citibank, N.A. ("Citibank") in the Supreme Court of New York, County of New York. On July 7, 2015, PNC removed the action to this Court on the basis of diversity jurisdiction, and the case was assigned to Your Honor on July 13, 2015.

In its Complaint, Plaintiff alleges that: On June 17, 2013, it received a fraudulent check purporting to be a "PNC Bank Cashier's check numbered 533726 with routing number 071921891 in the amount of $297,500.00" from a supposed client of the law firm, which it then deposited into its IOLA Attorney Trust account with Citibank on June 18, 2013. Compl. ¶ 3. Citibank accepted deposit of the check and informed Plaintiff that the funds from the check had been made available, at which point Plaintiff transferred $287,450.00 from its trust account to an account in Japan belonging to its purported client. Compl. ¶ 12. On June 24, 2013, Plaintiff learned that there were insufficient funds in its account to honor an outstanding and unrelated payment. Compl. ¶ 16. After contacting Citibank, Plaintiff was informed that the purported cashier's check had "bounced" on or about June 20, 2013 and that it was a forged or counterfeit instrument. Compl. ¶¶ 16-17. On June 26, 2013, Plaintiff received written confirmation from Citibank that the check had been returned by PNC as "altered/fictitious." Compl. ¶ 20; Compl.

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London
Los Angeles | New York | Norfolk | Pittsburgh | Raleigh | Richmond | Tysons Corner | Washington, D.C. | Wilmington

Ex. 5. Plaintiff's attempts to cancel the transfer to its "client" were unsuccessful. Compl. ¶ 18; Compl. Ex. 4 at 1. Plaintiff does not allege that it is a customer of, or that it has any relationship with, PNC.

Based on these facts, Plaintiff brings two causes of action against PNC, although both essentially allege the same theory – that PNC was negligent in failing to prevent its checks from being lost or stolen, that it knew that lost or stolen checks were being forged, and that it failed to notify the public at large that a certain number of its checks were missing. Compl. ¶¶ 45-61. As a result, Plaintiff contends that PNC breached an unspecified duty owed to Plaintiff which contributed to the eventual forgery at issue here and resulted in its loss. Compl. ¶¶ 47, 59.

New York courts examining the relationship between payor banks,[1] such as PNC in this case, and noncustomer depositors, such as Plaintiff, have held that the duty owed from the payor to the noncustomer depositor is governed solely by Sections 4-301 and 4-302 of the New York Uniform Commercial Code. *See Greenburg, Trager & Herbst, LLP v. HSBC Bank USA*, 958 N.E.2d 77, 83 (N.Y. 2011) ("The duty of a payor bank [in a negligence action] . . . to a noncustomer depositor of a check is derived solely from UCC 4-301 and 4-302."); *Kevin Kerveng Tung, P.C. v. JP Morgan Chase & Co.*, 963 N.Y.S.2d 145, 147-48 (N.Y. App. Div. 2013) (same); *see generally Fischer & Mandell LLP v. Citibank, N.A.*, 632 F.3d 793 (2d Cir. 2011) (applying the New York Uniform Commercial Code to claims involving counterfeit checks).

Under Sections 4-301 and 4-302, the only duty that PNC owed Plaintiff was that it "pay the check, return the check or send notice of dishonor of the check by midnight of the next banking day after receiving the check."[2] *Greenberg*, 958 N.E.2d at 83; *see also Tung*, 963 N.Y.S.2d at 148. Nowhere in the Complaint does Plaintiff allege that PNC failed to comply with this duty. Indeed, the Complaint is silent as to any allegation regarding when PNC received the check, when it returned the check, or most importantly, that it breached its duty to timely return the check after determining that it was fraudulent.

---

[1] A "payor bank" is defined as "a bank by which an item is payable as drawn or accepted," *i.e.* the bank containing the account from which a check is to be paid. N.Y. U.C.C. § 4-105(b).

[2] Although Plaintiff's negligence claims against PNC are governed by the New York Uniform Commercial Code, it is also well-settled that New York follows the "almost universal rule that banks do not owe a common law duty of care to third-party customers." *Empire City Capital Corp. v. Citibank, N.A.*, No. 10-cv-2601, 2011 U.S. Dist. LEXIS 110543, at *30 (S.D.N.Y. Sept. 28, 2011) (quotation and citation omitted); *see also Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) ("As a general matter, banks do not owe non-customers a duty to protect them from the intentional torts of their customers.") (quotation and citation omitted); *Tzaras v. Evergreen Int'l Spot Trading, Inc.*, No. 01-cv-10726, 2003 U.S. Dist. LEXIS 2550, at *17-*20 (S.D.N.Y. Jan. 25, 2003).

Honorable Edgardo Ramos
July 14, 2015
Page 3

When encountering allegations nearly identical to those advanced by Plaintiff, New York courts have held that they were insufficient to establish liability against a payor bank. *See Greenburg*, 958 N.E.2d at 83 ("It is uncontroverted that [the defendant payor bank] returned the check within its midnight deadline. Because [the noncustomer plaintiff] cannot establish any duty owing from [defendant] that was breached, [plaintiff's negligence] claims against [defendant] were properly dismissed."); *Tung*, 963 N.Y.S.2d at 148 (upholding dismissal of negligence claims brought by noncustomer against payor bank where plaintiff "failed to allege that, upon the defendants' failure to pay the check, they breached their duty to either return the check or send notice of dishonor").

For these reasons, PNC respectfully requests that the Court schedule a pre-motion conference regarding this issue and permit it to file a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

*Noreen Kelly-Dynega*

Noreen A. Kelly-Dynega

cc:   Oliver Zhou, Esq., counsel for Plaintiff (via Federal Express and email)
      Barry J. Glickman, Esq., counsel for Defendant Citibank, N.A. (via ECF)

---

A pre-motion conference will be held on August 5, 2015 at 11:45 am. Plaintiff is directed to submit a written response not longer than 3 pages by 5:00 pm, Wednesday, July 29, 2015.

---

The application is  X   granted
                   ____ denied

_____
Edgardo Ramos, U.S.D.J
Dated:  7/15/2015
New York, New York