**MEMO ENDORSED**

ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

———

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

BARRY J. GLICKMAN
(212) 826-5327
bglickman@zeklaw.com

July 20, 2015

**BY ECF**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
500 Pearl Street, Courtroom 619
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED:  7/23/2015

Law Offices of Oliver Zhou v. PNC Bank, N.A. and Citibank, N.A.
Case No. 15 CV 5266 (ER)
**Request for Pre-Motion Conference**

**MEMO ENDORSED**

Dear Judge Ramos:

We are counsel to defendant Citibank, N.A.  We write pursuant to Rule 2A of this Court's Individual Practices to request a pre-motion conference. Specifically, Citibank seeks permission to make a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P.12(b)(6).  As set forth in greater detail below, the controlling and dispositive authority on which Citibank relies includes those cases cited by defendant PNC Bank, N.A. ("PNC") in its letter to this Court dated July 14, 2015. In a memorandum endorsement dated July 15, 2015 this Court scheduled a pre-motion conference on August 5, 2015 to address PNC's request for a similar motion.

**FACTS**

The following is a brief summary of the relevant facts, which are straightforward and not in dispute.  This case involves the dishonor by PNC of what purported to be a cashier's check drawn on it and payable to the order of plaintiff in the face amount of $297,500. (the "Counterfeit Check") deposited by plaintiff into an IOLA account (the "Citibank Account") maintained in the name of Oliver G. Zhou ("Attorney Zhou"), a practicing attorney, by Citibank. By the complaint plaintiff does not address the circumstances surrounding his receipt of the Counterfeit Check.  Rather, he simply alleges and attaches exhibits that demonstrate that:

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Edgardo Ramos
July 20, 2015
Page 2

- on June 18, 2013 Mr. Zhou deposited the Counterfeit Check into the Citibank Account;
- also on June 18, 2013 Citibank provisionally credited the Citibank Account in the amount of the Counterfeit Check;
- also on June 18, 2013 Mr. Zhou instructed Citibank to wire $287, 450. (the "Fraudster EFT") to an account allegedly maintained in the names of two individuals and a corporation by Chukyo Bank Ltd. in Japan;
- on June 20, 2013 PNC returned the Counterfeit Check unpaid because it was "altered/ficticious.;"
- also on June 20, 2013 pursuant to the Client Manual (the "Client Manual Contract") that constitutes the contract between Citibank and its customers  and controlling law, Citibank debited the Citibank Account in the same amount as the provisional credit it applied when plaintiff deposited the Counterfeit Check.

## DISMISSAL OF PLAINTIFF'S COMPLAINT AS AGAINST CITIBANK IS APPROPRIATE

By the complaint plaintiff asserts 7 claims of negligence and breach of contract against Citibank, all of which are belied by controlling law and the Client Manual Contract, the only contract on which plaintiff may premise his breach of contract claim against Citibank.  Having been scammed by a fraudster in his haste to wire funds and apparently collect a fee he really did not earn, the thrust of plaintiff's position is that Citibank should be a guarantor of the integrity of the fraudster with whom plaintiff decided to do business.

There is nothing new about the facts or the law necessary to decide this case.  It is identical to cases decided by the United States Court of Appeals for the Second Circuit and the New York Court of Appeals.  See Fischer & Mandell LLP v. Citibank, N.A., 632 F.3d 793 (2d Cir. 2011), and Greenberg, Trager & Herbst, LLP v. HSBC Bank USA, 17 N.Y.3d 565 (2011).  Each case involved an attorney purportedly retained by a fraudster "client" for the sole purpose of doing no more than receiving what the fraudster represented to be a cashier's check purporting to represent payment of a debt owed to the fraudster.  Each fraudster instructed the attorney to deposit the so-called cashier's check, wire a portion of the funds to a foreign bank account, and keep the remainder as a "fee."

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Edgardo Ramos
July 20, 2015
Page 3

In <u>Fischer & Mandell LLP</u>, the Second Circuit affirmed summary judgment in the bank's favor and against its attorney-depositor. In <u>Greenberg, Trager</u>, the Court of Appeals affirmed an order of the Appellate Division, First Department, which affirmed summary judgment in favor of both a purported drawee bank and the depositary bank. Both cases squarely rejected, *inter alia*, the identical premise on which plaintiff relies here, that (i) Citibank should have ascertained that a deposited check is counterfeit and (ii) Citibank was negligent and/or breached its contract by telling him that funds were "available."

In short, consistent with controlling case law and the Uniform Commercial Code and as explicitly disclosed in the Client Manual Contract, Citibank has both the legal and contractual right to charge back the Citibank Account if a deposited check is returned unpaid by the drawee bank, even after provisionally crediting such account making the check proceeds available to Mr. Zhou. Accordingly, if granted leave to make a motion, Citibank will demonstrate its entitlement to an order dismissing the complaint for failure to state a claim upon which relief can be granted. Under the circumstances we ask this Court to schedule a conference at which the parties may address Citibank's request for leave to make a motion pursuant to Fed. R. Civ. P.12(b)(6).

Respectfully,

Barry J. Glickman

cc: Oliver G. Zhou, Esq. (by e-mail)
Noreen A. Kelly-Dynega (by e-mail)

---

The matter will be heard at the August 5 pre-motion conference. Plaintiff is directed to submit a written response not longer than 3 pages by 5:00 pm, July 29, 2015.

---

The application is ✓ granted
_____ denied

_____
Edgardo Ramos, U.S.D.J
Dated: 7/23/2015
New York, New York