*Law Offices of*

# OLIVER ZHOU

41 Elizabeth Street, Suite 505
New York, NY 10013
Tel: (212) 226-9442
Fax: (212) 226-9471

Members of NY/NJ Bars    www.ozhoulaw.com    Email: ozhoulaw888@gmail.com

July 28, 2015

By ECF
Hon. Edgardo Ramos
Southern District of New York
500 Pearl Street, Court Room 619
New York, NY 10007

Re:   Law Offices of Oliver Zhou v. Citibank, N.A. and PNC Bank, N.A.
       Case No.: 15 CV 5266 (ER)

Dear Judge Ramos:

   Please accept this letter brief in opposition to defendants' motion to remove this matter to the Southern District of New York for the facts and the reasons stated below. Plaintiff now moves to remand it to the State Court pursuant to 28 U.S.C. 1447, and in doing so, claims that removal to Federal Court was improper, and that the plaintiff is entitled to his actual costs incurred, including reasonable counsel fees.

I.   The Removal Application Does Not Have An Objectively Reasonable Basis

   Defendant PNC Bank N.A. requests to remove this matter to the Southern District Court of New York based solely upon diversity of citizenship. Pursuant to 28 U.S.C. §1447(b), an action in which the jurisdiction of the district court is based on diversity of citizenship may only be removed if none of the properly joined and served defendants is a citizen of the state where the action was brought. In addition, the "rule of unanimity" requires that all of the defendants must join or consent to the removal petition unless the non-joining defendant was fraudulently joined or is unknown, nominal, or a non-resident who has not been served. The presumption is against jurisdiction in the federal court and the removing party must bear the burden of establishing subject matter jurisdiction in the federal court, and if the right of removal is in doubt, jurisdiction of federal court should be denied. *Jana Master Fund, Ltd. V. JP Morgan Chase & Co., S.D.N.Y. 2007, 490 F. Supp.2d 325*. See also *Cudney v. Midcontinent Airlines. E.D. Mo. 1951, 98 F. Supp. 403*. The facts in the present case indicate that Plaintiff, Law Offices of Oliver Zhou, LLC was incorporated in the State of New York, and is primarily conducting its business operation in the State of New York. Therefore, plaintiff is undoubtedly a legal resident in the State of New York.

1

Defendant PNC claims that the sole member of Plaintiff, i.e., Oliver Zhou, resides in and is a citizen of New Jersey. However, this allegation does not provide an objectively reasonable basis to remove this matter to the Southern District of New York. First, it is not sufficient to allege residency of party in petition for removal because right to remove action depends upon diversity of citizenship and not diversity of residence. *Schwinn Bicycle Co. v. Brown, W.D. Ark. 1982, 535 F. Supp. 486*. It is citizenship, not residence, which is material under this section and 1332 of this title relating to jurisdiction of federal courts and removability of actions from state courts, and citizenship is not alleged by averments of residence. *Tamminga v. Suter, N.D. Iowa 1962, 213 F. Supp. 488*. Furthermore, individual members of professional service corporation engaged in practice of law were not proper party. *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc., S.D.N.Y. 1981, 521 F. Supp. 1046*. Secondly, it requires discovery to ascertain as to whether Oliver Zhou is actually a resident of the State of New Jersey, assuming this claim is relevant and valid in the present case. However, the necessity of discovery itself determining the legal status of Oliver Zhou will undoubtedly defeat defendants' motion to dismiss this matter in this instant action. A party invoking removal statute has the burden of establishing federal jurisdiction. *Holcomb v. Bingham Toyota, C.A.9 (Cal.) 1999, 871 F.2d 109, certiorari denied 110 S.Ct. 141, 493 U.S. 846, 107 L.Ed.2d 100*.

For purposes of both diversity and removal jurisdiction, corporation is deemed to be a citizen of state wherein it has a principal place of business, and of state of its incorporation. *Fine v. Delalande, Inc., S.D.N.Y. 1982, 545 F.Supp.275*. Removal action must be defeated if a corporation has its principal place of business, irrespective of its incorporation in another state. *Teeter v. Iowa-Illinois Gas & Elec. Co., N.D.Iowa 1964, 237 F. Supp. 961*. The National Banking Association was a citizen both of state in which it was incorporated, South Dakota, and of state in which it maintained its principal place of business. V*argas v. Wells Fargo Bank N.A., N.D. Cal. 2013, 999 F. Supp.2d 1171*. By applying this principle to the facts in the present case, it is apparent that Citibank and PNC bank are both citizens of New York, irrespective of their incorporation in South Dakota and Delaware respectively, because New York City is their never center and locus of operations, and the cause of action was also arisen in New York. Therefore, this action is not removable from New York State court to federal district court on ground of complete diversity where some of the defendants were citizens of New York. *Fine v. Philip Morris, Inc., S.D.N.Y. 1964, 239 F. Supp. 361*.

Removal statutes are to be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns. *In re Facebook, Inc., IPO Securities and Derivative Litigation, S.D. N.Y., 922 F. Supp.2d 475, 2013*. Out of respect for the independence of state courts, and in order to control the federal docket, federal courts construe the removal statute narrowly, resolving any doubts against removability. *Veneruso v. Mount Vernon*

*Neighborhood Health Center, S.D. N.Y. 933 F. Supp. 2d 613, (2013), affirmed 586 Fed. Appx. 604, 2014 WL 1776011. Milton a. Jacobs, Inc. v. Manning Mfg. Corp., S.D.N.Y. 1959, 171 F. Supp. 393.* Federal courts must scrupulously confine their own jurisdiction to precise limits which removal statute has defined. *Irving Trust Co. v. Century Export & Import, S.A. S.D.N.Y. 1979, 464 F. Supp. 1232.* Therefore, defendants are not entitled to remove the case to the Southern District of New York because there is no diversity of citizenship in this matter.

II. Both Defendants Are Negligent

Defendant Citibank was negligent since it did not exercise its ordinary and reasonable care in good faith in handling plaintiff's check deposit since the subject fraudulent PNC's cashier's check was defective in its face and a trained bank employee should have the knowledge and capacity to identify the correct routing number belonging to PNC Bank. *JP Morgan Chase Bank v. William Pinzler 2010 NY Slip Opinion 51324 28 Misc 3d 1214(A), 2010.* Citibank also breached its contract to its customer and failed to provide "Notice of Availability" to its customers in writing, and misrepresented the material fact of the date of fund availability. The real fund would not be wired out if the due notice in writing was given to plaintiff regarding the real date of fund availability since plaintiff detrimentally relied upon defendant's promise.

III. Plaintiff Is Entitled to Reimbursement of Attorney's Fees and Costs

28 U.S.C. §1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *In Martin v. Franklin Capital Corp, 546 U.S. 132, 140-141, 126 S. Ct. 704, 711 (2005)* the Supreme Court confirmed this point under 28 U.S.C. §1447(c) by stating that "the process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, impose additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. §1447(c) where the removing party lacks an objectively reasonable basis for seeking removal. *Hornbuckle, 385 F. 3d, at 541; Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (C.A. 5 2000).* The facts here indicate that that Citibank and PNC do not have an objectively reasonable basis for seeking removal. Accordingly, Plaintiff should be awarded his attorney's fees and costs.

                                                        Respectfully submitted,

                                                       Oliver Zhou

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
LAW OFFICES OF OLIVER ZHOU,                Index Number: 652057/2015
    Plaintiff

                                           **AFFIDAVIT OF**
                                           **SERVICE**

   -against-
CITI BANK, N.A.
PNC BANK, N.A.,
    Defendants
-----------------------------------------------------------------X

I, Vicky P. Wang, of full age, being duly sworn and say that:

I am not a party to this action. I caused to be served the following documents: Letter Brief in Opposition to Defendant's Motion of Removal and its supporting documents. I placed copies of said documents in an Envelope by mailing at a United Postal Office, on July 28, 2015, for the addressee as follows:

Defendants' Address:
Barry J. Glickman
Zeichner Ellma & Krause LLP
1211 Avenue of the Americas
New York, NY 10036

Aaron F. Jaroff
McGuireWoods LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106

I declare under penalty of perjury that foregoing is true and correct. Executed on July 28, 2015, New York, New York.

                                                                Vicky P. Wang

Sworn to before me this
____ Day of July, 2015.

OLIVER ZHOU
Notary Public, State of New York
No. 02CH6271444
Qualified in New York County
Term Expires October 29, 20__