McGuireWoods LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY 10105-0106
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Noreen A. Kelly-Dynega
Direct: 212.548.7025

nkelly-dynega@mcguirewoods.com
Fax: 212.715.6290

# McGUIREWOODS

July 31, 2015

**Via ECF**

Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re: **Law Offices of Oliver Zhou v. PNC Bank, N.A. and Citibank, N.A.**
> **Case No. 15-cv-05266 (ER)**

Dear Judge Ramos:

We represent defendant PNC Bank, N.A. ("PNC") in the above-referenced action. PNC respectfully submits this letter in response to Plaintiff's letter of July 28, 2015. Although purportedly filed in response to PNC's request for a pre-motion conference, construed in the most generous light, the letter appears to be a request for a pre-motion conference regarding a proposed motion to remand.[1] Accordingly, and pursuant to Your Honor's Individual Practices, PNC now writes in opposition to Plaintiff's request.

Despite Plaintiff's protestations, this Court's jurisdiction based on diversity of citizenship is clear, and any motion to remand is frivolous. Plaintiff first argues that the citizenship of its only member, Oliver Zhou, fails to provide a reasonable basis for removal. Plaintiff alleges in the Complaint that it is a "limited liability company organized and existing under and by virtue of the laws of the State of New York." Compl. ¶ 2. The Second Circuit has held that for the purposes of diversity jurisdiction limited liability companies have the citizenship of their members. *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d. Cir. 2000); *see also ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013) ("[L]imited liability companies . . . obtain citizenship from each of their members."). Plaintiff's verification submitted with the Complaint states that Oliver Zhou is "the member of the plaintiff" in this action. *See* Def. PNC's Notice of Removal, ECF No. 1, Ex. A, at 16. PNC stated in its

---

[1] Further informing PNC's decision to, in an abundance of caution, treat Plaintiff's letter as a request for a pre-motion conference is the fact that Plaintiff offers no response to the issues raised by PNC in support of its proposed motion to dismiss. Plaintiff includes a single paragraph addressing the substance of its claims, but fails to address any of the arguments advanced by PNC in its July 14, 2015 letter requesting a pre-motion conference. ECF No. 9.

Notice of Removal that Mr. Zhou "upon information and belief resides in *and is a citizen of* New Jersey," a fact that Plaintiff does not actually contest. Def. PNC's Notice of Removal, ECF No. 1, at ¶ 9 (emphasis added). Because Plaintiff is a limited liability company whose sole member is a citizen of New Jersey, Plaintiff is itself a citizen of New Jersey for jurisdictional purposes.[2] PNC based its removal on the citizenship of Plaintiff's member, making the authority cited by Plaintiff for the proposition that removal based on diversity jurisdiction is improper when supported by the residency of a party, rather than its citizenship, simply irrelevant. *See Schwinn Bicycle Co. v. Brown*, 535 F. Supp. 486, 487 (W.D. Ark. 1982) (remanding an action where the party seeking diversity jurisdiction made no allegation regarding the citizenship of the defendant); *Tamminga v. Suter*, 213 F. Supp. 488, 493-94 (N.D. Iowa 1962) (noting that for diversity purposes an allegation of residence is not the same as an allegation of citizenship).

Given Plaintiff's New Jersey citizenship, removal based on diversity jurisdiction is proper because PNC and Citibank are citizens of Delaware and South Dakota, respectively. While Plaintiff is correct that a corporation is deemed to be a citizen of both its place of incorporation and its principal place of business under 28 U.S.C. § 1332(c), here defendants are national banking associations whose citizenship is governed by 28 U.S.C. § 1348. The Supreme Court, in addressing precisely this issue, held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006). Courts in the Southern District of New York have interpreted this to mean that "a national bank is located, for § 1348 purposes, *only* in the State in which its main office, as set forth in its articles of association, is located." *Sovereign Bank v. 347 E. 173 LC*, No. 11-cv-1061, 2011 U.S. Dist. LEXIS 71820, at *4-*5 (S.D.N.Y. June 29, 2011) (emphasis added) (quotation omitted); *see also Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 317 (S.D.N.Y. 2006) ("[A] national bank is not a citizen of the state where its principal place of business is located, to the extent that state is different from the state where the national bank's main office is located, as designated in its articles of association."). As stated in the Notice of Removal, PNC's main office is located in Delaware pursuant to its articles of association, and Citibank's main office is located in South Dakota pursuant to its articles of association. Def. PNC's Notice of Removal, ECF No. 1, at ¶¶ 10-11.

What is more, although Mr. Zhou incorrectly asserts that the Plaintiff is a resident of New York, even if that were the case, because PNC and Citibank are not citizens of New York, this Court has a firm basis for jurisdiction based on complete diversity of citizenship.[3]

---

[2] Plaintiff also appears to suggest that removal is improper because defendant Citibank, N.A. ("Citibank") did not consent to or join PNC's removal. However, as noted in Paragraph 5 of the Notice of Removal, Citibank consented to removal from state court. Def. PNC's Notice of Removal, ECF No. 1, at ¶ 5.

[3] The single case cited by Plaintiff for the proposition that national banking associations are citizens of the states in which their principal places of business are located, *Vargas v. Wells Fargo Bank, N.A.*, 999 F. Supp. 2d 1171 (N.D. Cal. 2013), is from outside of this jurisdiction and

Finally, Plaintiff requests that the Court award attorney's fees and costs because PNC lacked an "objectively reasonable" basis for seeking removal. However, as explained in detail above, not only was PNC objectively reasonable in removing this action, removal is in fact proper, and Plaintiff has failed to allege any cognizable basis for this Court to even entertain a motion for remand.[4]

For these reasons, PNC has met its burden of establishing jurisdiction based on diversity of citizenship, and respectfully asks that the Court deny Plaintiff's request for a pre-motion conference.

Respectfully submitted,

Noreen A. Kelly-Dynega

cc: Oliver Zhou, Esq., counsel for Plaintiff (via ECF)
Barry J. Glickman, Esq., counsel for Defendant Citibank, N.A. (via ECF)

---

in any case, no longer good law. Less than one year after *Vargas* was decided, the Ninth Circuit squarely rejected its reasoning, agreeing with the Southern District that "under § 1348, a national banking association is a citizen only of the state in which its main office is located." *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014).

[4] Each of the three cases cited by Plaintiff in support of its fee request in fact held that the questioned basis for removal was reasonable and either affirmed the denial of, or reversed, an award of fees and costs. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 546 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 294 (5th Cir. 2000).