ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

BARRY J. GLICKMAN
(212) 826-5327
bglickman@zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

———

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

August 4, 2015

**BY ECF**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
500 Pearl Street, Courtroom 619
New York, New York 10007

> Law Offices of Oliver Zhou  v. PNC Bank, N.A. and Citibank, N.A.
> Case No. 15 CV 5266 (ER)
> **Plaintiff's Purported Motion to Remand (ECF No. 17)**

Dear Judge Ramos:

  We are counsel to defendant Citibank, N.A.  We write to respond to plaintiff's letter to this Court dated July 28, 2015 and filed July 30, 3015.  The letter purports (i) to oppose defendants' motion to remove this matter to this Court and (ii) to move to remand this matter to State Court.

  We respectfully submit that this Court should ignore plaintiff's letter because, *inter alia*, it ignores Rule 2A of this Court's Individual Practices and fails to seek a pre-motion conference.  This Court's Individual Practices are clear "A pre-motion conference with the Court is required before making any other motion."

  Moreover, to the extent that plaintiff opposes *defendants' motion to remove this matter* he misses the mark because 28 U.S.C. § 1441, *et seq.* permits a defendant to remove a case to a federal district court.  No motion is required.  Thus, this case has been removed to this Court.

  Most important, assuming *arguendo* this Court construes plaintiff's letter as a proper request for a pre-motion conference, plaintiff misstates the controlling authority relevant to a motion to remand.  Remarkably, plaintiff withholds from his letter any reference to *Wachovia Bank, National Association v. Schmidt*, 546 U.S. 303; 126 S. Ct. 941; 163 L. Ed. 2d 797 (2006).  There, the United States Supreme Court held without any ambiguity as follows: "Reading §1348 in this context, one would sensibly

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Edgardo Ramos
August 4, 2015
Page 2

'locate' a national bank for the very same purpose, *i.e.*, qualification for diversity jurisdiction, in the State designated in its articles of association as its main office." As defendant PNC Bank, N.A. observes in its letter to this Court dated July 31, 2015, *Sovereign Bank v. 347 E. 173 LC*, 2011 U.S. Dist. LEXIS 71820, 2011 WL 2693525 (S.D.N.Y. June 29, 2011) and *Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 2006 U.S. Dist. LEXIS 85794 (S.D.N.Y. 2006) are on all fours with the Supreme Court's immutable conclusion in *Wachovia*. As Judge Koeltl held in a procedurally similar situation in *Excelsior Funds*, "As explained below, a national bank is a citizen only of the state in which its main office is located, and not the state in which its principal place of business is located, if that state differs from the location of its main office. Therefore, removal was proper in this case, and the plaintiff's motion to remand is denied." 470 F.Supp.2d at 312.

For all the foregoing reasons, we respectfully submit that plaintiff's position, as set forth in his letter to this Court, is not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Accordingly, we ask this Court to refuse to consider the relief sought by plaintiff's letter.

Respectfully,

Barry J. Glickman

cc: Oliver G. Zhou, Esq. (by e-mail)
Noreen A. Kelly-Dynega (by e-mail)

820832