UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
LAW OFFICES OF OLIVER ZHOU,                     :
                                                :
                Plaintiff,                      :
                                                :   Case No. 15-cv-5266 (ER)
        v.                                      :
                                                :
CITI BANK, N.A. and                             :
PNC BANK, N.A.,                                 :
                                                :
                Defendants.                     :
                                                :
------------------------------------------------------------------- X


# DEFENDANT PNC BANK N.A.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(b)(6)

Noreen A. Kelly
Aaron F. Jaroff
*nkelly@mcguirewoods.com*
*ajaroff@mcguirewoods.com*
MCGUIREWOODS LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105
(212) 548-2100

*Attorneys for Defendant PNC Bank, N.A.*

## TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
|     A.    PLAINTIFF FAILED TO ADDRESS PNC'S ARGUMENTS | 2 |
|         1.    PNC Was Not Plaintiff's "Agent" and Owed Plaintiff No Duty Outside of the N.Y. U.C.C. | 3 |
|         2.    Section 3-406 of the N.Y. U.C.C. Does Not Create a Cause of Action | 6 |
|     B.    PLAINTIFF HAS FAILED TO ALLEGE VALID CAUSES OF ACTION AGAINST PNC | 7 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Apple Records, Inc. v. Capitol Records, Inc.*,
    137 A.D.2d 50 (N.Y. App. Div. 1988) .................................................................................4

*Charles v. Onondaga Cmty. College*,
    69 A.D.2d 144 (N.Y. App. Div. 1979) .................................................................................4

*Cruz v. TD Bank. N.A.*,
    855 F. Supp. 2d 157 (S.D.N.Y. 2012)...................................................................................8

*Elden v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*,
    No. 08-cv-8738, 2011 WL 1236141 (S.D.N.Y. Mar. 30, 2011).............................................6

*Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*,
    958 N.E.2d 77 (N.Y. 2011)............................................................................................4, 5, 7

*Kersner v. First Fed. Sav. & Loan Ass'n of Rochester*,
    264 A.D.2d 711 (N.Y. App. Div. 1999) ............................................................................4, 6

*Kevin Kerveng Tung, P.C. v. JP Morgan Chase & Co.*,
    No. 11885/2011, 2011 WL 6989895 (N.Y. Sup. Ct. Oct. 28, 2011) .....................................6

*Kevin Kerveng Tung, P.C. v. JP Morgan Chase & Co.*,
    963 N.Y.S.2d 145 (N.Y. App. Div. 2013) .............................................................................7

*Lerner v. Fleet Bank, N.A.*,
    459 F.3d 273 (2d Cir. 2006)...................................................................................................5

*Nelson v. Publishers Circulation Fulfillment, Inc.*,
    No. 11-cv-1182, 2012 WL 760335 (S.D.N.Y. Mar. 7, 2012)................................................5

*Renner v. Chase Manhattan Bank, N.A.*,
    85 F. App'x 782 (2d. Cir. 2004) ............................................................................................8

STATUTES

N.Y. U.C.C. § 3-406 ......................................................................................................................6

N.Y. U.C.C. § 4-105(b)..................................................................................................................3

N.Y. U.C.C. § 4-105(d)..................................................................................................................3

N.Y. U.C.C. § 4-201(1)...............................................................................................................3, 5

**RULES**

FED. R. CIV. P. 8(a) ...........................................................................................................................8

FED. R. CIV. P. 9(b) ...........................................................................................................................8

FED. R. CIV. P. 12(b)(6) ....................................................................................................................1

Defendant PNC Bank, N.A. ("PNC") by its undersigned counsel, respectfully submits this reply memorandum of law in response to Plaintiff's Affidavit in Opposition and accompanying Memorandum of Law in Opposition of [sic] Defendants' Motion to Dismiss the Complaint (the "Opposition Brief") (ECF No. 31 & ECF No. 31, Ex. 6)[1] and in further support of its motion and supporting memorandum of law ("PNC's Opening Brief") (ECF Nos. 25-26) seeking to dismiss Plaintiff's claims against PNC with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

## PRELIMINARY STATEMENT

In this case, Plaintiff, a small law firm in New York City,[3] seeks to hold PNC liable for its misfortune caused not by PNC, by rather by an alleged "client" who defrauded it. Plaintiff's "client" lured it into a fraudulent scheme through the false promise of legal fees in exchange for Plaintiff depositing an (unbeknownst to it, fake) PNC cashier's check and immediately transferring the provisional funds made available by Plaintiff's own bank (Citibank) – all prior to

---

[1] On October 13, 2015, Plaintiff re-filed his Opposition Brief. ECF No. 33. Although the Opposition Brief filed on October 13 is dated October 2, 2015 (the date on which it was due to be filed) the October 13 brief appears to contain an additional paragraph regarding Defendant Citibank, N.A. ("Citibank"). For the avoidance of doubt, PNC responds herein to the version of Plaintiff's Opposition Brief that was timely filed on October 2, 2015 (ECF No. 31, Ex. 6) and not the inappropriately revised version of the Opposition Brief filed on October 13, 2015.

[2] Plaintiff's Opposition Brief repeatedly states that PNC's motion to dismiss was untimely because it was filed on September 18, 2015, purportedly in violation of the Court's Order at the August 5, 2015 pre-motion conference. This is not only false, but also disingenuous. On August 28, 2015, the Court granted Citibank's request to extend the time to file motions to dismiss until September 18, 2015, also ordering that any opposition be filed on October 2, 2015, with replies due October 13, 2015. ECF No. 22. By filing its Opposition Brief on October 2, 2015, and not the original September 28, 2015 date set at the pre-motion conference, it is clear that Plaintiff was aware of the Court's August 28, 2015 Order revising the briefing schedule, making its claim that PNC's motion is untimely nothing more than a contrived attempt to deceive the Court and discredit PNC.

[3] At times, Plaintiff refers to itself as a "Pro Se Plaintiff," however, Plaintiff is the Law Offices of Oliver Zhou, which is represented by its principal member, attorney Oliver Zhou.

1

the check being discovered as fraudulent and Citibank reversing the provisional credit, leaving Plaintiff responsible for the debt. Although this story is unfortunate, it does not implicate PNC. But, since Plaintiff's "client" has presumably disappeared, it continues to press ahead with its claims against PNC and Citibank to no legitimate end.

Plaintiff, which does not even claim to be a customer of PNC, attempts to predicate its allegations on an unspecified "duty" it contends PNC had to the public at large to detect and prevent these sorts of fraudulent schemes. Nowhere in its Complaint[4] or its Opposition Brief does Plaintiff cite to any authority that would impose on PNC such a duty. Tellingly, Plaintiff's Opposition Brief is silent as to PNC's one and only duty as the bank to which the check was presented – that it comply with the New York Uniform Commercial Code ("N.Y. U.C.C.") by paying or returning the check at issue to Citibank prior to midnight of the banking day following its receipt. Plaintiff's Opposition Brief does not address this point, or any of the others raised in support of PNC's motion to dismiss, including the overwhelming precedent from a variety of New York courts demonstrating that the facts of this case cannot state a valid claim for relief against PNC. Instead, when faced with this reality, Plaintiff has done nothing more than resort to increasingly far-flung allegations and theories of liability which only serve to support PNC's position that the Complaint be dismissed with prejudice.

## ARGUMENT

### A. PLAINTIFF FAILED TO ADDRESS PNC'S ARGUMENTS

Plaintiff devotes little more than a single page to PNC in its Opposition Brief, and does not substantively address the points raised by PNC in support of its motion to dismiss. Instead,

---

[4] Plaintiff states in its Opposition Brief that the Complaint was originally filed in New York Supreme Court, Queens County, prior to removal. Opposition Brief at 1. This is incorrect, as the Complaint was initially filed in New York County Supreme Court. See Def. PNC's Notice of Removal, ECF No. 1, ¶ 1 & Ex. A.

Plaintiff advances – for the first time – an unsupported theory that PNC is liable to it as Plaintiff's "agent" and simply repeats frivolous allegations that PNC has previously shown to be insufficient to state a claim.

### 1. PNC Was Not Plaintiff's "Agent" and Owed Plaintiff No Duty Outside of the N.Y. U.C.C.

Plaintiff's Opposition Brief asserts that PNC is liable because it was Plaintiff's agent, and as such owed Plaintiff a duty "as a matter of social policy" to protect it from being defrauded by Plaintiff's own client via an altered cashier's check purporting to be issued by PNC. Opposition Brief at 18-19. In support of this argument, Plaintiff cites one inapplicable section of the N.Y. U.C.C. and two cases examining in what circumstances a tort cause of action is independent from a related breach of contract claim. *Id.* This simply does not provide support for Plaintiff's claim that PNC is liable for its losses, and ignores the precedents raised in PNC's Opening Brief that mandate dismissal with prejudice.

Section 4-201 of the N.Y. U.C.C., which Plaintiff cites in support of the proposition that PNC was Plaintiff's agent, states in relevant part: "[u]nless a contrary intent clearly appears and prior to the time that a settlement given by a collecting bank for an item is or becomes final . . . the bank is an agent or sub-agent of the owner of the item and any settlement given for the item is provisional." N.Y. U.C.C. § 4-201(1). As an initial matter, § 4-201 is inapplicable here because PNC served as the payor bank, not as the collecting bank contemplated by § 4-201. *See* N.Y. U.C.C. § 4-105(d) (defining a "collecting bank" as "any bank handling the item for collection *except* the payor bank") (emphasis added); *id.* § 4-105(b) (defining the "payor bank" as "a bank by which an item is payable as drawn or accepted"); *see also* PNC's Opening Brief at 5-6. Moreover, the New York Court of Appeals has made it clear that the term "agent" as used in § 4-201 does not create an affirmative duty owed by a bank, but rather serves to keep the risk

3

of loss with the depositor – here Plaintiff – until final settlement of the check. *See Greenberg, Trager & Herbst, LLP v. HSBC Bank USA*, 958 N.E.2d 77, 84-85 (N.Y. 2011) ("[T]he purpose of UCC 4-201 is not to impose a fiduciary duty on a collecting bank. We have interpreted the statute such that the use of the term 'agent' means that the item and any inherent risk in that item remains with the depositor and not the collecting bank.") (citing additional authority).

The cases that Plaintiff cites in further support of its "agency" theory are also clearly inapplicable. First, both cases address the question – which is not at issue here – of when an independent tort claim can be brought alongside a related breach of contract claim. *See Apple Records, Inc. v. Capitol Records, Inc.*, 137 A.D.2d 50, 55 (N.Y. App. Div. 1988); *Charles v. Onondaga Cmty. College*, 69 A.D.2d 144, 146-47 (N.Y. App. Div. 1979). At no point does Plaintiff allege that it was a depositor with or a customer of PNC, and as such no contractual relationship existed. *See Kersner v. First Fed. Sav. & Loan Ass'n of Rochester*, 264 A.D.2d 711, 712-13 (N.Y. App. Div. 1999) (noting that the underlying relationship between a bank and its depositor is "the contractual one of debtor and creditor") (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chemical Bank*, 442 N.E.2d 1253, 1256 (N.Y. 1982)).

Second, both *Apple Records* and *Onondaga Community College* contemplate extra-contractual tort liability only where an affirmative duty exists beyond the contract at issue. *See Apple Records*, 137 A.D.2d at 55 (noting that tort liability will be found in addition to that for breach of contract when a "noncontractual duty was violated" such as in instances where a "special relationship of 'trust and confidence' exists between the contracting parties"); *Onondaga Cmty. College*, 69 A.D.2d at 146 ("A duty extraneous to the contract often exists where the contract results in or accompanies some relation between the parties out of which arises a duty of affirmative care as in cases involving bailor or bailee, public carrier and

4

passenger, innkeeper and guest, lawyer and client, or principal and agent."). Plaintiff does not allege any basis for a relationship with PNC, contractual or otherwise.

Plaintiff attempts to support its argument that PNC owed it a duty based on the kind of "special relationship" espoused in *Apple Records* and *Onondaga Community College* by stating, with no support, that a bank is "held for [sic] a higher degree of responsibility" because of the "implicit dependence and bond of trust and responsibility inherent in the relationship between a bank and the public" and as such has a duty to its "customers, holders in due course, and to the public." Opposition Brief at 18-19. However, banks are not subject to this kind of heightened duty to the public at large. As explained in PNC's Opening Brief, PNC did not owe Plaintiff anything other than what is contemplated by the N.Y. U.C.C. in connection with the handling of the check at issue. *See* PNC's Opening Brief at 5-7. No relationship of "trust and confidence" exists between PNC and a noncustomer such as Plaintiff. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (recognizing that in New York "a bank has no duty to customers of other banks") (quotation and citation omitted); *see also Nelson v. Publishers Circulation Fulfillment, Inc.*, No. 11-cv-1182, 2012 WL 760335, at *6 (S.D.N.Y. Mar. 7, 2012) (noting that a plaintiff must show a specific duty owed to it by a defendant in order to state a claim for negligence, and that any general duty to society at large is insufficient) (quoting *Hamilton v. Beretta U.S.A. Corp.*, 750 N.E.2d 1055, 1060 (N.Y. 2001)).

It is clear that PNC – as the payor bank that rejected the check at issue – was not an agent of Plaintiff under § 4-201 and did not owe Plaintiff any duty outside that of the N.Y. U.C.C. PNC's only conceivable duty to Plaintiff was that it "pay the check, return the check or send notice of dishonor of the check by midnight of the next banking day after receiving the check." *Greenberg*, 958 N.E.2d at 83; *see also* PNC's Opening Brief at 5-7.

5

## 2. Section 3-406 of the N.Y. U.C.C. Does Not Create a Cause of Action

Plaintiff's Opposition Brief also repeats an allegation from the Complaint that PNC is liable pursuant to § 3-406 of the N.Y. U.C.C. Opposition Brief at 18; Compl. ¶ 53. However, as explained in PNC's Opening Brief, § 3-406 is inapplicable both (i) because it is a contributory negligence defense that can be asserted to demonstrate that a plaintiff is precluded from bringing a claim regarding an allegedly forged or altered instrument and (ii) because it only applies in instances where the instrument at issue was paid, rather than when it is returned.[5] *See* PNC's Opening Brief at 7 n.4; *see also Elden v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, No. 08-cv-8738, 2011 WL 1236141, at *7-10 (S.D.N.Y. Mar. 30, 2011) (citing N.Y. U.C.C. § 3-406 in holding that "[i]f a plaintiff's negligence substantially contributed to the making of an unauthorized signature, it is precluded from making a claim against the drawee."); *Kevin Kerveng Tung, P.C. v. JP Morgan Chase & Co.*, No. 11885/2011, 2011 WL 6989895, at *4 (N.Y. Sup. Ct. Oct. 28, 2011) (noting that § 3-406 "provides a negligence defense to a payor, under certain circumstances, where payment is made on an altered or forged instrument"); *Kersner*, 264 A.D.2d at 712 (referring to § 3-406 as an affirmative defense). Plaintiff offers no response to this deficiency in its Opposition Brief, further warranting dismissal of its claims against PNC.

---

[5] The full text of § 3-406 states: "Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business." N.Y. U.C.C. § 3-406.

6

### B. PLAINTIFF HAS FAILED TO ALLEGE VALID CAUSES OF ACTION AGAINST PNC

Finally, Plaintiff's Opposition Brief repeats, with no additional support, its claim that PNC "enabled, aided and abutted [sic], contributed to, or caused" the fraud perpetrated by its "client." Opposition Brief at 18. However, at no point does Plaintiff's Complaint approach the requisite standard for successfully alleging negligence, fraud, or aiding and abetting fraud against PNC, nor does its Opposition Brief substantially address PNC's Opening Brief. Indeed, there is no attempt to distinguish the nearly-identical cases cited by PNC to show that the Complaint must be dismissed for failure to allege that PNC breached its duty to timely return the check pursuant to the N.Y. U.C.C.[6] *See* PNC's Opening Brief at 7-10. The Complaint does not, and cannot, allege that PNC failed to comply with its only duty to Plaintiff – that it return the cashier's check at issue to Citibank prior to the expiration of its midnight deadline. This absence is fatal to any negligence claim against PNC. *See id.*; *Kevin Kerveng Tung, P.C. v. JP Morgan Chase & Co.*, 963 N.Y.S.2d 145, 148 (N.Y. App. Div. 2013) (upholding dismissal of a complaint for failure to allege that the defendant bank did not return the check at issue prior to its midnight deadline).

To the extent that Plaintiff asserts causes of action for fraud and aiding and abetting fraud against PNC, its Complaint fails to meet even the most basic of pleading standards. *See* PNC's Opening Brief at 11-13. First, Plaintiff provides no support for the naked assertion that PNC

---

[6] When addressing the arguments raised by Citibank in support of its motion to dismiss, Plaintiff states that *Greenberg* is inapplicable because the allegedly counterfeit check in that case was not defective on its face, whereas the cashier's check at issue here was facially defective. Opposition Brief at 13. Regardless of the accuracy of that distinction and the apparentness of the alleged alteration at issue, Plaintiff cannot escape that *Greenberg* is controlling precedent with respect to its claims against PNC. *See Greenberg*, 958 N.E.2d at 82-83 (dismissing plaintiff's claim against a payor bank because the bank returned the check prior to its midnight deadline, even when taking no steps to determine whether the check at issue was counterfeit); *see also* PNC's Opening Brief at 8.

7

"caused" its loss by "intentionally" failing to disclose the alleged existence of counterfeit PNC cashier's checks. Opposition Brief at 18; Compl. ¶¶ 25, 60. The Complaint alleges no fraudulent statement against PNC nor that PNC made a misstatement with the intent to deceive Plaintiff, and thus fails to meet the requirements of both Federal Rules of Civil Procedure 8(a) and 9(b). *See* PNC's Opening Brief at 11 n.5; *Cruz v. TD Bank. N.A.*, 855 F. Supp. 2d 157, 176 (S.D.N.Y. 2012). Second, the Complaint contains no allegations that PNC knew of the alleged fraud perpetrated on Plaintiff by its "client" nor that PNC substantially assisted in the commission of the fraud, as required in order to state a successful aiding and abetting claim. *See* PNC's Opening Brief at 11-13; *Renner v. Chase Manhattan Bank, N.A.*, 85 F. App'x 782, 784 (2d. Cir. 2004). Indeed, Plaintiff has not even attempted to address these blatant pleading defects in its Opposition Brief, a clear admission that its claims against PNC cannot be saved by amendment and must be dismissed with prejudice.

## CONCLUSION

For all of the reasons stated above and in PNC's Opening Brief, PNC respectfully requests that Plaintiff's claims against PNC be dismissed in their entirety with prejudice.

Dated: New York, New York
October 13, 2015

By: /s/ Noreen A. Kelly
Noreen A. Kelly
Aaron P. Jaroff
McGuireWoods LLP
1345 Avenue of the Americas, 7th Floor
New York, New York 10105-0106
(212) 548-2100
nkelly@mcguirewoods.com
ajaroff@mcguirewoods.com

*Attorneys for Defendant PNC Bank, N.A.*