## ZEICHNER ELLMAN & KRAUSE LLP

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

BARRY J. GLICKMAN
(212) 826-5327
bglickman@zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

October 13, 2015

**BY ECF**

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
500 Pearl Street, Courtroom 619
New York, New York 10007

**Law Offices of Oliver Zhou v. PNC Bank, N.A. and Citibank, N.A.**
**Case No. 15 CV 5266 (ER)**
**Plaintiff's Improper and Untimely Filed Second Brief**

Dear Judge Ramos:

  We are counsel to defendant Citibank, N.A. Reference is made to plaintiff's Memorandum of Law in Opposition of [*sic*] Defendants' Motion to Dismiss the Complaint dated October 2, 2015 (ECF 33) (the "Second Opposition Brief") that it filed earlier today following a docket entry dated October 9, 2015 "Notice to Attorney to Re-File Document - Deficient Docket Entry Error Notice to Attorney Oliver G. Zhou to Re-File Document 31 Affidavit in Opposition to Motion. Error(s): Opposing Documents are filed separately, each receiving their own document #." Reference is also made to plaintiff's Memorandum of Law in Opposition of [*sic*] Defendants' Motion to Dismiss the Complaint dated October 2, 2015 (ECF 31-6) (the "First Opposition Brief") that it filed as an exhibit to its Affidavit in Opposition (the "Opposition Affidavit") (ECF 31) on October 2, 2015 We regret having to burden this Court but we are constrained to do so by reason of the reprehensible conduct of the attorney plaintiff in filing the Second Opposition Brief without disclosing to Citibank or to this Court that it contains an additional argument (the "New Argument") in the last paragraph on page 7 that was not included in the First Opposition Brief. Indeed, this is particularly odious because the date appearing on the signature line of the Second Opposition Brief is the same as that on the First Opposition Brief and, other than the New Argument and the concomitant change in the pagination, the two briefs are identical.

ZEICHNER ELLMAN & KRAUSE LLP

Hon. Edgardo Ramos
October 13, 2015
Page 2

By order dated August 28, 2015 this Court set a briefing schedule in connection with defendants' motions to dismiss plaintiff's complaint pursuant to which plaintiff's opposition was required to be filed not later than October 2, 2015. At no time did plaintiff ever seek to or secure any enlargement of time by which to oppose either defendant's motion. Rather, he filed, *inter alia*, the First Opposition Brief on the court ordered deadline to do so. *A fortiori*, any filing thereafter is untimely. To the extent this Court is inclined to overlook the procedural irregularity occasioned by plaintiff's inclusion of the First Opposition Brief as an exhibit to the Opposition Affidavit, we respectfully submit that it should nevertheless refuse to consider the new argument contained in the Second Opposition Brief.

Finally, due to plaintiff's dilatory conduct in filing the Second Opposition Brief at the eleventh-hour (and our good faith assumption that the Second Opposition Brief was filed simply to remediate the incorrect filing of the First Opposition Brief) we did not have an opportunity to identify the New Argument until after we filed Citibank's reply in further support of its motion this afternoon. Accordingly, we could not raise these issues in Citibank's reply. Otherwise we would have done so. Suffice it to say that the New Argument is meritless. First, plaintiff cites authority relevant to a Fed. R. Civ. P. summary judgment motion; Citibank's motion is predicated on Fed. R. Civ. P. 12(b)(6). Next, as we noted in both Citibank's motion and reply, by its complaint and its opposition plaintiff fails to identify the contract upon which he claims to seek relief. Thus, it is indisputable that (i) the complaint did not contain "well-pleaded facts" and (ii) the Haslam Declaration did not contradict them.

We thank this Court for its courtesy and cooperation.

Respectfully,

Barry J. Glickman

cc: Oliver G. Zhou, Esq. (by ECF)
Noreen A. Kelly (by ECF)